867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christopher ROSEBORO, Petitioner-Appellant,
v.
STATE OF MARYLAND, Respondent-Appellee.
 No. 88-7275.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 23, 1988.
Decided: Jan. 12, 1989.
 
 Christopher Roseboro, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Beverly Peyton Griffith (Office of the Attorney General of Maryland), for appellee.
 Before JAMES DICKSON PHILLIPS, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Christopher Roseboro seeks to appeal from the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Roseboro raised two grounds for relief in his petition: (1) improper admission of evidence concerning the testimony of George Kennedy; and (2) insufficiency of the evidence to support his conviction for assault with intent to murder. In its answer, the state argued that federal review of the first issue was barred by Roseboro's procedural default and that the second issue was without merit. The district court found that federal review of both issues was barred because Roseboro had not shown cause for his procedural default.
 
 
 3
 We agree that the first claim was procedurally barred. With regard to the second claim, however, this Court has not yet decided whether it is proper for the district court to raise a procedural bar sua sponte. See Barrera v. Young, 794 F.2d 1264, 1269 (7th Cir.1986) (state's failure to raise procedural bar should be treated as waiver and waiver should be respected). It is unnecessary to resolve this issue at this time, however, because Roseboro is entitled to no relief on the merits of this claim.
 
 
 4
 At sentencing, the trial judge stated that he was imposing a lower sentence because he believed that the victim was somewhat culpable and had probably instigated the situation to some degree. Roseboro argues that these findings meant that the trial court found that he had not acted without mitigation. As a conviction for assault with intent to murder requires a finding that the defendant acted without excuse, justification, or mitigation, Roseboro argues that his conviction must be set aside.
 
 
 5
 We disagree. For the purpose of determining whether a defendant is guilty of assault with intent to murder, mitigation does not simply mean that there are circumstances which diminish the defendant's blameworthiness. It means the absence of malice. See Glenn v. State, 68 Md.App. 379, 398-405, 511 A.2d 1110, 1120-24, cert. denied, 307 Md. 599, 516 A.2d 569 (1986). A finding that the victim was the aggressor or that he was somewhat responsible for the situation does not preclude a finding that the defendant acted with malice and without mitigation. See Finnegan v. State, 33 Md.App. 251, 364 A.2d 124 (1976) (use of excessive force to repel homosexual sexual assault could support a finding that defendant had acted without mitigation), cert. denied, 433 U.S. 912 (1977).
 
 
 6
 We deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 7
 DISMISSED.